# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8221 | **DATE** | 2/1/2011 |
| **CASE TITLE** | Vandaire Knox (2009-0058794) v. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $11.40 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also: (1) dismiss Defendant Chief Superintendent Godinez; (2) issue summonses for Defendants Superintendent Moreci, Officer Lombardi, and the County of Cook; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [3] is granted. The Court appoints William Victor Essig of Drinker Biddle & Reath LLP, 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606-1698, (312) 569-1497, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff, Vandaire Knox, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.40. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that on August 4, 2010, Correctional Officer Lombardi ordered him out of the line he was in to leave the facility for court. Plaintiff complied and Officer Lombardi ordered Plaintiff to remove his pants. Plaintiff contested because he had just went through the full body scan but Lombardi insisted that he take off his pants. Plaintiff complied, causing him to expose his genitals in front of several inmates. On August 11, 2010, Plaintiff spoke to Superintendent Moreci about the strip search. Moreci replied, "If my officers choose to strip search you, they can. If you don't like the rules . . . bond out." On August 18, 2010, Lombardi conducted another strip search of Plaintiff for no reason in front of other inmates and a female correctional officer.

     Plaintiff names Chief Superintendent Godinez, Superintendent Moreci, Officer Lombardi, and the County of Cook (for indemnification) as Defendants.

## STATEMENT

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Furthermore, an individual is only liable in their official capacity under Section 1983 if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unlike Defendants Moreci and Lombardi, Plaintiff does not make any allegations of personal involvement as to Godinez.

Furthermore, Plaintiff has not alleged an official capacity claim against any Defendant. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory officials liable in their official capacity. Thus, Plaintiff has failed to allege any claims against Godinez and he is dismissed from this action. The remaining Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve Defendants Superintendent Moreci, Officer Lombardi, and the County of Cook. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff's motion for appointment of counsel is granted. The Court appoints William Victor Essig of Drinker Biddle & Reath LLP, 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606-1698, (312) 569-1497, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.